David L. Gtuokmax, J.
Plaintiff in this action sues to recover legal fees allegedly incurred in defense of a lawsuit which defendant, as insurer under a policy of accident liability insurance, refused to defend. In response to the suit, defendant asserts that it disclaimed liability under the policy for the reason that the lawsuit which it refused to defend was predicated on causes not within the coverage of the policy. Plaintiff now moves for summary judgment and an assessment of damages.
The papers submitted on this motion disclose that the crux of the action concerns itself solely with the interpretation of the word “accident” as employed in the policy of insurance. The facts are without dispute. Plaintiff, a building contractor, was heretofore sued for a substantial sum as damages purportedly stemming from the failure to allow for a sufficient setback in the construction of a building, as required by a local zoning ordinance. The building having been partially constructed, the owners thereof were compelled to move back the structure in compliance with the ordinance, and sought to recover from plaintiff the expenses attendant upon such removal, including the redesign and reconstruction occasioned thereby. The complaint in that suit charged plaintiff, among other things, with negligence in failing to initially construct the building with a proper setback. It was that suit which defendant in this action refused to defend. Plaintiff thereupon retained personal counsel who were successful in dismissing the complaint on motion. The cost of legal services thus incurred is sought to be recovered in this action.
*864 The question posed here is whether or not the facts above described establish an “ accident ” as contemplated by the terms of the policy. The pertinent provision of the policy reads as follows: “To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident.” There is nothing unusual or extraordinary in the language of this provision; it has appeared as a standard clause in many policies of a similar nature. What is unusual is plaintiff’s attempted application of this provision to the circumstances in this case. Plaintiff argues that the damages flowing from the lack of initial compliance with the ordinance was £ ‘ caused by accident ’ ’ and that therefore defendant was obligated under the terms of the insurance contract to defend the suit brought against plaintiff. In the court’s judgment, the argument is without weight. Plaintiff appears to be enlarging the ordinary and accepted meaning and purport of the word “ accident ” far beyond its obvious intendment, as used in the policy. The word itself has received varied definitions. Judge Ftjld, in Matter of Croshier v. Levitt (5 N Y 2d 259) mentions three approaches to the meaning of the word “ accident ”, depending on the subject of the litigation in which it is involved. He points out that its most limited application is under liability insurance policies as compared to workmen’s compensation and retirement system coverages. In Jackson v. Employers’ Liab. Assur. Corp. (139 Misc. 686, 689, affd. 234 App. Div. 893, affd. 259 N. Y. 559) the late Justice Mat, in rejecting a claim for alleged accidental death under a liability policy, defined an accident in this manner: “ The word ‘ accident ’, in the point of view of the average man, conveys a sudden and instant happening, an event of the moment rather than a condition which continues to develop, progress, and change through a period of time.”
It would seem that the best test to be employed is to take cognizance of the common and customary usage of the expression “ accident ” as it pertains to the type of occurrence usually considered to be within the coverage of a liability policy. Applying such test, the court is convinced that the terms of the policy under consideration here were never contemplated to cover the set of circumstances which gave rise to the main action against this plaintiff. The fact that negligence was alleged in the main action does not necessarily bring those circumstances within the purview of the word ‘ ‘ accident ’ ’ as contained in the policy. Manifestly, it was either oversight or lack of knowledge of the ordinance requirements which instituted the chain of events *865 in this ease, and if this constitutes negligence, it is not the kind of negligence that is accepted by custom and usage as a basis for bringing a lawsuit for accidentally sustained damages, nor is it sufficient as a matter of law to support the instant action. Nor can the court accept plaintiff’s contention that the word ‘ ‘ accident ’ ’ as used in the policy is ambiguous. Its meaning is clear enough for judicial interpretation, and the absence of a definition thereof in the policy merely means that interpretation by law shall apply rather than interpretation by contractual language.
The court has found no authorities nor has its attention been directed to any which would warrant a determination contrary to that rendered herein. The cases cited by plaintiff are inapposite and clearly distinguishable. For the most part, each deals with a specific accident, easily recognizable as such, and in no way similar to the facts in the instant case. Upon those facts, plaintiff’s complaint cannot be sustained, as a matter of law.
Plaintiff’s motion for summary judgment is denied, and in accordance with CPLR 3212 (subd. [b]), summary judgment dismissing the complaint is granted to the defendant.